UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| LISSETTE VEGA-RUIZ, | Civ. No. 17-1804 |
| Plaintiff, | |
| v. | |
| MONTEFIORE MEDICAL CENTER, | **AMENDED COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

-----------------------------------------------------------------

Plaintiff, LISSETTE VEGA-RUIZ, by and through her undersigned counsel, EISENBERG & BAUM, LLP, for her Amended Complaint against Defendant, MONTEFIORE MEDICAL CENTER, hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Lissette Vega-Ruiz is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is her expressed, preferred, and most effective means of communication. Defendant operates multiple hospitals in New York City. When Plaintiff accompanied her mother to separate hospitalizations at Defendant's hospitals, Defendant discriminated against Plaintiff on the basis of her disability by failing to ensure effective communication with her.

2. Due to physical, environmental, and pedagogical factors, many deaf individuals, including Plaintiff, have difficulty acquiring spoken languages, such as English or Spanish. In fact, the median reading level of deaf high school graduates is fourth grade. This is because the spoken

1

language is generally a second language (after ASL or another form of sign language) for individuals who are born deaf or become deaf before acquiring language. In addition, many deaf people acquire English as their second language later in life, and well past the critical developmental period of language acquisition. Despite Plaintiff's limited English proficiency, Defendant often forced Plaintiff to communicate in a medical setting using written notes in English, instead of properly accommodating her disability through qualified ASL interpreters.

3. Lip-reading, the ability to understand the speech of another by watching the speaker's lips, does not provide effective communication for most deaf and hard of hearing individuals. In fact, the upper limits of estimates for lip-reading accuracy, in an ideal one-on-one situation, have been as low as 10% to 30% of words correct. This is because only a small amount of the spoken sounds of aural language are visible, and many of those appear identical on the lips. Even if a primary ASL user were able to determine the sounds appearing on a speaker's lips, he or she would still not necessarily understand the English language or the speaker's vocabulary, for the reasons set forth above. Despite Plaintiff's inability to read lips effectively, Defendant often forced Plaintiff to communicate in a medical setting using this unreliable and ineffective method, instead of properly accommodating her disability through qualified ASL interpreters.

4. Plaintiff brings this action to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's health care services. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794;

Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116; the New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law § 290, et seq.; the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, et seq.; and other state and common law causes of action.

## THE PARTIES

5. Plaintiff LISSETTE VEGA-RUIZ brings this action and is an individual residing in the Bronx, New York. Plaintiff is a profoundly deaf individual who primarily communicates in American Sign Language, and she is substantially limited in the major life activities of hearing and speaking within the meaning of federal, state, and city civil rights laws.

6. Defendant, MONTEFIORE MEDICAL CENTER, at all times hereinafter mentioned, is a corporation doing business in the State of New York with a principal place of business at 111 East 210th St., Bronx, New York 10467. Defendant owns, leases, leases to, and/or operates Montefiore Medical Center, a hospital located at 111 East 210th St., Bronx, New York 10467. Defendant also owns, leases, leases to, and/or operates Montefiore Wakefield Hospital, a hospital located at 600 East 233rd St, Bronx, New York 10466. Defendant also owns, leases, leases to, and/or operates Jack D. Weiler Hospital (Einstein Campus), a hospital located at 1825 Eastchester Road, Bronx, New York 10461. Defendant also owns, leases, leases to, and/or operates Montefiore Westchester Square Campus, a hospital located at 2475 St. Raymonds Avenue, Bronx, New York 10461. Defendant is a public accommodation within the meaning of federal, state, and city civil rights laws.

7. Upon information and belief, Defendant is a recipient of federal financial assistance, including Medicare and/or Medicaid reimbursements.

## JURISDICTION & VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state and city law.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant resides within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

## STATEMENT OF FACTS

10. Plaintiff is a profoundly deaf individual who communicates primarily in American Sign Language (ASL).

11. Plaintiff has limited proficiency in English, and requires auxiliary aids and services to communicate effectively in a medical setting.

12. Plaintiff's mother, whose name is Blanca Ruiz, is a hearing (i.e. non-deaf) individual.

13. On or around March 18, 2014, Plaintiff accompanied her mother to the Montefiore Wakefield Hospital campus. Her mother was suffering from severe pain and was unable to walk.

14. During this visit, Defendant failed to provide any auxiliary aid or service whatsoever to Plaintiff, despite Plaintiff's requests for an ASL interpreter.

15. On or around July 28, 2014, Plaintiff accompanied her mother to the Jack D. Weiler Hospital (Einstein Campus) emergency room. Her mother was suffering from severe pain in her left leg. Plaintiff remained in her mother's presence throughout this hospitalization.

16. During this visit, Plaintiff's mother requested an ASL interpreter for Plaintiff in the admissions office, and again in her recovery room, to enable Plaintiff to understand her mother's medical care, including her condition, prognosis, and treatment options.

17. Instead of providing an ASL interpreter, one member of Defendant's staff procured a phone to use for Spanish translation. This staff member ignored Plaintiff's and her mother's

further requests for an ASL interpreter.

18. Upon information and belief, Plaintiff was told by Defendant's staff that she was not entitled to an interpreter because she was not a patient, and because her mother (the patient) was hearing.

19. On or around March 2015, Plaintiff accompanied her mother to Montefiore Westchester Square Campus. Plaintiff remained in her mother's presence throughout this hospitalization.

20. Again, Defendant's staff refused and/or failed to provide any auxiliary aids or services to Plaintiff, despite Plaintiff's requests for an interpreter to enable her to understand her mother's medical care, including her condition, prognosis, and treatment options.

21. During each of Plaintiff's visits to Montefiore Medical Center campuses, Defendant did not provide an ASL interpreter to Plaintiff at any time, despite Plaintiff's repeated requests for one. Instead, Defendant relied entirely on lip-reading and writing to attempt to communicate with Plaintiff about her mother's medical treatment throughout her mother's medical care, leaving Plaintiff with little to no understanding of her mother's condition, the treatments and medication she received, or follow-up instructions.

22. In most instances, effective communication about medical care could not have taken place between Plaintiff and Defendant's staff without the aid of a qualified ASL interpreter.

23. Defendant and its staff knew or should have known that their actions and/or inactions created an unreasonable risk of causing Plaintiff greater levels of fear, anxiety, indignity, humiliation, and/or emotional distress than a hearing person would be expected to experience.

24. As a result of Defendant's failure to ensure effective communication with Plaintiff, Plaintiff received services that were objectively substandard and that were inferior to those

provided to hearing companions of hospital patients.

25. As a result of the actions and/or inactions of Defendant, Plaintiff was denied the same opportunities that are readily and routinely provided to companions to participate in the care of loved ones.

26. As a result of Defendant's failure to ensure effective communication with Plaintiff, Plaintiff was subjected to discriminatory treatment because of her disability.

27. Upon information and belief, Defendant's wrongful and intentional discrimination against Plaintiff on the basis of disability is the result of Defendant's failure to train employees and promulgate policies of non-discrimination against deaf individuals.

28. Upon information and belief, Defendant has a policy and/or actual practice of refusing and/or failing to provide auxiliary aids and services to companions with disabilities.

29. Defendant discriminated against Plaintiff with deliberate indifference to her communication needs, causing Plaintiff to suffer frustration, humiliation, anxiety, and other emotional distress.

30. Plaintiff would seek Defendant's services in the future, whether by choice or necessity, due to the proximity of Defendant's medical facilities to her home and the homes of her family members, but she is deterred from doing so due to the discrimination she has faced and expects to face in the future.

## FIRST CAUSE OF ACTION: VIOLATIONS OF
## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

32. At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendant's conduct.

33. At all times relevant to this action, the United States Department of Justice

regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to Defendant's conduct.

34. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and has been an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

35. Defendant owns, leases, and/or operates a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7)(D).

36. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37. Title III of the ADA defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

38. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. **This includes an obligation to provide effective communication to companions who are individuals with disabilities.**" 28 C.F.R. § 36.303(c).

39. As set forth above, Defendant discriminated against Plaintiff, on the basis of disability, in violation of the ADA and its implementing regulations.

40. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## SECOND CAUSE OF ACTION: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

41. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

42. At all times relevant to this action, Section 504 of the Rehabilitation, 29 U.S.C. § 794, has been in full force and effect and has applied to Defendant's conduct.

43. At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, have been in full force and effect and have applied to Defendant's conduct.

44. At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of hearing and speaking, and has been an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9).

45. At all times relevant to this action, Defendant has been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

46. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

47. As set forth above, Defendant discriminated against Plaintiff, solely on the basis of disability, by denying her meaningful access to the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of 29 U.S.C. § 794.

48. The Rehabilitation Act extends a cause of action to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

49. Plaintiff is therefore entitled to injunctive relief, as well as compensatory damages for the injuries and loss she sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

50. Plaintiff is further entitled to an award of attorneys' fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## THIRD CAUSE OF ACTION: VIOLATIONS OF SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

51. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

52. At all times relevant to this action, Section 1557 of the Patient Protection and Affordable Care Act has been in full force and effect and applied to the Defendant's conduct.

53. At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of hearing and speaking, and has been an individual with a disability within the meaning of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.

54. At all times relevant to this action, Plaintiff's primary language for communication has been American Sign Language (and not English), and Plaintiff has had limited ability to read, write, speak, or understand English. Plaintiff has therefore been an individual with limited English proficiency within the meaning of Section 1557 of the Patient Protection and Affordable Care Act, 45 C.F.R. § 92.4.

55. At all times relevant to this action, Defendant received federal financial assistance, including Medicaid reimbursements, and was principally engaged in the business of providing health care. Therefore, Defendant is a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

56. Pursuant to Section 1557 of the Patient Protection and Affordable Care Act, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. § 18116.

57. As set forth above, Defendant discriminated against Plaintiff, on the basis of disability, in violation of the Patient Protection and Affordable Care Act and its implementing regulations.

58. The Patient Protection and Affordable Care Act, by incorporating the enforcement mechanism of the Rehabilitation Act, extends a cause of action to "any person aggrieved" by discrimination in violation thereof. 42 U.S.C. § 18116(a).

59. Plaintiff is therefore entitled to injunctive relief, as well as compensatory damages for the injuries and loss she sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

60. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to 42 U.S.C. § 18116(a) and/or common law.

### **FOURTH CAUSE OF ACTION: VIOLATIONS OF THE NEW YORK HUMAN RIGHTS LAW**

61. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

62. At all times relevant to this action, the New York Human Rights Law, Article 15 of the New York Executive Law § 290, et seq. has been in full force and effect and has applied to Defendant's conduct.

63. At all times relevant to this action, Plaintiff has had substantial impairments to the major life activities of hearing and speaking and has been a qualified individual with a disability

within the meaning of New York Executive Law § 292(21).

64. At all times relevant to this action, Defendant's facilities have been places of public accommodation within the meaning of N.Y. Exec. L. § 292(9).

65. Pursuant to N.Y. Exec. L. § 296(2)(a), "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of . . . disability . . . or that the patronage or custom thereat of any person of or purporting to . . . having a disability is unwelcome, objectionable or not acceptable, desired or solicited."

66. Pursuant to N.Y. Exec. L. § 296(2)(c), discrimination includes "refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities."

67. As set forth above, Defendant discriminated against Plaintiff, on the basis of disability, in violation of the NYHRL.

68. The NYHRL extends a cause of action and relief to "any person claiming to be aggrieved" by an unlawful discriminatory practice. N.Y. Exec. L. § 297(9).

69. Plaintiff is therefore entitled to injunctive relief, as well as compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged pursuant to N.Y. Exec. L. § 297(9).

## FIFTH CAUSE OF ACTION: VIOLATIONS OF THE
## NEW YORK CITY HUMAN RIGHTS LAW

70. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

71. At all times relevant to this action, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-101 et. seq., has been in full force and effect and has applied to Defendant's conduct.

72. At all times relevant to this action, Plaintiff has had substantial impairment to the major life activities of hearing and speaking, and has therefore been a qualified individual with a disability within the meaning of N.Y.C. Admin. Code § 8-102(16).

73. At all times relevant to this action, Defendant has operated public accommodations within the meaning of N.Y.C. Admin. Code § 8-102(9), and has been a covered entity within the meaning of N.Y.C. Admin. Code §§ 8-102(1) & (17).

74. Pursuant to N.Y.C. Admin. Code § 8-107(4), it shall be unlawful discrimination for "any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of . . . disability . . . of any person directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

75. Pursuant to N.Y.C. Admin. Code § 8-107(15)(a), a covered entity "shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

76. Plaintiff is an aggrieved person within the meaning of N.Y.C. Admin. Code § 8-502(a), which extends a cause of action and relief to "any person claiming to be aggrieved" by the discrimination of a person on the basis of his or her disability.

77. As set forth above, Defendant discriminated against Plaintiff on the basis of

12

disability, in violation of the NYCHRL.

78.     As set forth above, absent injunctive relief there is a clear risk that Defendant's actions will continue to reoccur with Plaintiff and/or other deaf persons or companions.

79.     The NYCHRL extends a cause of action and relief to "any person claiming to be aggrieved" by the discrimination of a person on the basis of his or her disability. N.Y.C. Admin. Code § 8-502(a).

80.     Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged, pursuant to N.Y.C. Admin. Code § 8-502(a).

81.     Plaintiff is further entitled to an award of punitive damages to rectify and deter Defendant's discriminatory conduct as hereinbefore alleged, pursuant to N.Y.C. Admin. Code § 8-502(a).

82.     Plaintiff is further entitled to an award of attorneys' fees, costs, and disbursements pursuant to N.Y.C. Admin. Code § 8-502(g).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

a.     Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, the New York Human Rights Law, and the New York City Human Rights Law;

    b.    Issue an injunction forbidding Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendant's facilities, services or programs;

    c.    Issue an injunction ordering Defendant:

        i.    to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

        ii.    to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual requests an on-site interpreter for effective communication, one will be provided as soon as practicable in all services offered by Defendant;

        iii.    to develop, implement, promulgate, and comply with a policy to ensure that Defendant will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendant will provide sign language interpreters, videophones, and other communication services to ensure effective communication with deaf or hard of hearing persons;

        iv.    to develop, implement, promulgate, and comply with a policy to ensure, in the event the Defendant utilizes a Video Remote Interpreting System ("VRI"), that such system has a high-speed Internet connection; a video screen with appropriate size, position, capture angle, focus, and proximity to the deaf individual; and appropriate audio quality. When possible, the equipment should be portable and made available to the patient where the

        patient is located, preferably in a private room to minimize distractions and maintain confidentiality;

    v. to develop, implement, promulgate, and comply with a policy to ensure that deaf or hard of hearing patients are able to communicate through the most appropriate method under the circumstances, recognizing that the VRI is not appropriate in all medical situations;

    vi. to create and maintain a list of American Sign Language interpreters and ensure availability of such interpreters at any time of day or night;

    vii. to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA, Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, the NYHRL, and the NYCHRL;

    viii. to train all its employees, staff, and other agents on a regular basis about Defendant's policies regarding how to properly use VRI services (including how to set up the VRI system and how to obtain technical assistance in case of system malfunction or failure) and how to obtain interpreters when reasonably requested by deaf or hard of hearing patients;

d. Award to Plaintiff:

    i. Compensatory damages pursuant to Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, the New York Human Rights Law, and the New York City Human Rights Law;

    ii. Punitive damages pursuant to the New York City Human Rights Law;

    iii. Reasonable costs and attorneys' fees pursuant to the ADA, Section 504 of

      the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, and the New York City Human Rights Law;

    iv.    Interest on all amounts at the highest rates and from the earliest dates allowed by law;

    v.    Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

        Respectfully submitted,

        EISENBERG & BAUM, LLP

By: _____
    Eric M. Baum, Esq. (EB-5493)
    ebaum@EandBlaw.com

_____
    Andrew Rozynski, Esq. (AR-2870)
    arozynski@EandBlaw.com

Attorneys for Plaintiffs
Office and Post Office Address
24 Union Square East, Fourth Floor
New York, NY 10003
(212) 353-8700