USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lissette Vega-Ruiz,

                              Plaintiff,

-against-

Montefiore Medical Center,

                              Defendant.

1:17-cv-01804 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff Lissette Vega-Ruiz ("Plaintiff" or "Vega-Ruiz") moves, *in limine*, "to preclude any references [at trial] to the fact that she was not her mother's health care proxy, guardian, or health care decision maker." (Not. of Motion, ECF No. 69.)[1] For the following reasons, Plaintiff's motion *in limine* is DENIED.

**BACKGROUND**

**I.    Relevant Facts**

This is an action alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*.; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116; the New York State Human Rights Law, New York Executive Law § 296, *et seq*.; and the New York City Human Rights Law, New York City Administrative Code § 8-101, *et seq*. (Am. Comp., ECF No. 9, ¶¶ 31-82.) Vega-Ruiz, who was born deaf and communicates through American Sign Language ("ASL"), alleges

---

[1] In deciding this motion, the Court has considered Plaintiff's Memorandum of Law (Pl.'s Mem., ECF No. 69-1); the memorandum of law submitted by Defendant Montefiore Medical Center ("Montefiore" or "Defendant") (Def.'s Mem., ECF No. 74); and Plaintiff's reply memorandum. (Pl.'s Reply, ECF No. 75.)

that she accompanied her mother to Montefiore on three occasions between March 2014 and March 2015. (*See id*. ¶¶ 13-19.) During each of these hospital visits, Vega-Ruiz asserts that either she or her mother requested an ASL interpreter in order for Plaintiff to communicate about her mother's condition and care. (*See id*. ¶¶ 14, 16, 20, 21.) Despite her requests, Plaintiff asserts that Montefiore did not provide her with an ASL interpreter, to which she was entitled, and she was damaged. (*See id*. ¶¶ 20, 21, 49, 59, 69, 80.) Montefiore admits that it did not provide ASL interpreters to Plaintiff, but disputes that any services were requested. *See Vega-Ruiz v. Montefiore Med. Ctr.*, No. 17-CV-01804, 2019 WL 3080906, at *1 (S.D.N.Y. July 15, 2019).

II.  **Summary Judgment Decision**

Prior to the parties' consent to my authority for all purposes (Consent, ECF No. 72), Defendant filed a motion for summary judgment before District Judge Swain, which she denied in its entirety. *Vega-Ruiz*, 2019 WL 3080906, at *6. In denying Defendant's motion, Judge Swain noted that, pursuant to the relevant ADA regulation, a public accommodation, like a hospital, must furnish auxiliary aids and services, such as ASL interpreters, to "companions who are individuals with disabilities." *See id*. at *3 (citing 28 C.F.R. § 36.303(c)(1)). "[T]he regulation defines 'companion' to include 'a family member, friend, or associate of an individual seeking access to, or participating in, the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation, who, along with such individual, is an appropriate person with whom the public accommodation should communicate.'" *See id*. at *3 (citing 28 C.F.R. § 36.303(c)(1)(i)). The term "appropriate person" is not defined by the regulation. *See id*. As Judge Swain noted, "[t]he regulation includes a requirement that the Hospital provide effective communication to 'a family member' accompanying a patient, without any qualification

2

as to the relationship of such family member." *Id*. Defendant had argued that, because Plaintiff was not her mother's healthcare proxy, Defendant was not required to provide to Plaintiff auxiliary aids and services, such as ASL interpreters. *See id*. Judge Swain rejected this argument, holding that Plaintiff had "framed a genuine issue of material fact as to whether she was a 'companion' within the meaning of the regulation." *Id*.

### III. <u>**Plaintiff's Motion In Limine to Preclude**</u>

Plaintiff now seeks to preclude at trial any reference to evidence that Plaintiff was not her mother's health care proxy, guardian or health care decision maker (hereinafter, "Proxy Evidence"). (Pl.'s Mem. at 1.) Plaintiff argues that references to such evidence would confuse the jury, since Judge Swain found that the ADA does not limit the definition of "companion" to a health care proxy, guardian or heath care decision maker. (*Id*. at 1-3.)

In opposition to Plaintiff's motion, Defendant asserts that Proxy Evidence is directly relevant to the question of whether Plaintiff was a "companion" under the ADA. (*See* Def.'s Mem. at 3-4.) According to Defendant, "[a]lthough the fact that [Plaintiff] was not her mother's 'health care proxy,' 'guardian,' or 'health care decision maker' may not be determinative for evaluating whether she was a 'companion,' it is still certainly relevant." (*Id*. at 3.) Defendant also argues that Plaintiff has not made a showing of any prejudice that would result from admitting Proxy Evidence at trial. (*See id*. at 4.)

On reply, Plaintiff argues, among other things, that Proxy Evidence would be prejudicial "because the jury may be confused about who would qualify as a 'companion' rather than whether plaintiff was afforded effective communication." (Pl.'s Reply at 1-2.)

3

**LEGAL STANDARDS**

A "district court's inherent authority to manage the course of trials" encompasses its authority to rule on *in limine* motions. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotations omitted).

While "[i]rrelevant evidence is not admissible," Fed. R. Evid. 402, the Rules of Evidence do not "limit a party's right to introduce before the jury evidence that is relevant to the weight or credibility of other evidence." Fed. R. Evid. 104(e). Relevant evidence may be excluded only "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 675-76 (S.D.N.Y. 2013) ("When evidence is challenged on an in limine motion, it should only be precluded when it is 'clearly inadmissible on all possible grounds.'") (citation omitted)).

**DISCUSSION**

The Court finds that the Proxy Evidence is relevant to the issue of whether Plaintiff was a "companion" under the ADA, which is one of the very issues to be tried in this case, as articulated by Judge Swain in her summary judgment opinion. *Vega-Ruiz*, 2019 WL 3080906, at *3. Thus, the Proxy Evidence is admissible. Furthermore, the Court finds that the probative value of the Proxy Evidence is not substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury, which appear to be the Rule 403 grounds being invoked by Plaintiff.

Plaintiff has not identified any unfair prejudice in admitting the Proxy Evidence at trial. The only claim of prejudice put forward by Plaintiff is that "the jury may be confused about who would qualify as a 'companion' rather than whether Plaintiff was afforded effective communication." (Pl.'s Reply at 2.) However, confusion is not prejudice.

Furthermore, the Court finds no real danger of the Proxy Evidence confusing the issues or misleading the jury. The central concept is one that is easy for the jury to understand, *i.e.*, even if an individual is not a healthcare proxy, guardian or health care decision maker, she nevertheless can be a "companion" under the ADA. Notwithstanding the foregoing, to avoid even the hint of any possibility of jury confusion, the Court would entertain a proposed jury instruction on the point.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion in Limine is DENIED.

Dated: New York, New York
October 4, 2019

**SO ORDERED**.

_____
**STEWART D. AARON
United States Magistrate Judge**